[Crim. No. 484.   Fourth Dist.   Nov. 17, 1943.]

THE PEOPLE, Respondent, v. ROBERT C. WHEELER, Appellant.

Crawford R. Bonter for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

BARNARD, P. J.—A jury found the defendant guilty upon a charge of violation of section 288a of the Penal Code and he appeals from the judgment and from an order denying his motion for a new trial.

The appeal is based solely on the ground that the evidence fails to show a violation of this section and is, therefore, not sufficient to sustain the verdict and judgment. The appellant relies on the case of *People* v. *Angier,* 44 Cal.App. 2d 417 [112 P.2d 659], and argues that the evidence here shows only a "touching" of the parts in question and not a copulation as required by the statute. The case cited contains language, relied on by the appellant here, which was unnecessary to the decision in that case since it was there held that the evidence was entirely insufficient to support a conviction in any event.

Regardless of the language there used, and here relied upon by the appellant, we are here confronted with an entirely different set of facts which effectively distinguish this case from the one cited even though the rule contended for by the appellant be accepted as the true rule.

It would serve no useful purpose to set forth the evidence here. The appellant's contention, in seeking to bring himself within the supposed rule of the Angier case, is based upon an obviously strained interpretation of the language used by the complaining witness in describing what occurred on the occasion in question. From the context and surrounding circumstances it is perfectly clear what the witness meant, and the meaning naturally and normally conveyed by the language used is that a violation of the statute had taken place. It is significant that the appellant's counsel did not go into the matter and did not reveal any doubts in this connection during his cross-examination of this witness. The interpretation now placed on this language by the appellant is not only

unusual and strained, but the most that can be said is that it constitutes a possible inference which might be drawn from the testimony when it clearly appears that an entirely different inference is not only possible but much more reasonable. The jury was entitled to draw the more reasonable inference and assuming that the other inference could have been drawn, no more than a conflict appears.

In addition to the direct evidence, which was thus sufficient to sustain the verdict, the record contains corroborating evidence rather unusual in its amount and strength. This evidence, from disinterested witnesses, covers the outcry and commotion following the act in question, the physical situation found in the room, and the acts, conduct and even admissions of the appellant, all of which strongly corroborate the story told by the complaining witness. In our opinion, the verdict and judgment are amply sustained by the evidence.

The judgment and order appealed from are affirmed.

Marks. J., and Griffin, J., concurred.